## STONE et al. v. BANK OF WHITECASTLE.

(Circuit Court of Appeals, Fifth Circuit.
March 17, 1927.)

No. 4808.

1. Appeal and error ⟊850(2)—Judgment after waiver of jury is conclusive, in absence of motion for judgment and special findings of fact.

Judgment on the merits after waiver of jury is conclusive, where there was no motion for judgment and no special findings of fact, precluding examination of record to determine if result was justified by facts shown.

2. Appeal and error ⟊544(1)—Assignments to admission or exclusion of answers to interrogatories present nothing for review, where judge declined to sign bills of exceptions.

Assignments to admission or exclusion of answers to certain interrogatories present nothing for review, where District Judge declined to settle certain bills of exceptions as being too late, and declined, when signing bill of exceptions containing stenographic report of evidence and documentary evidence, to certify that evidence presented was all evidence adduced, or true and correct statement thereof.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Rufus E. Foster, and Benjamin C. Dawkins, Judges.

Suit by T. A. Stone and others against the Bank of Whitecastle. Judgment for defendant, and plaintiffs bring error. Affirmed.

John B. Warren, of Houston, Tex. (Cross & Moyse, of Baton Rouge, La., on the brief), for plaintiffs in error.

18 F.(2d)—7

P. G. Borron, of Baton Rouge, La., and Stuart R. Smith, of Beaumont, Tex. (Laycock, Borron & Laycock, of Baton Rouge, La., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiffs in error, plaintiffs below, brought suit to recover $14,600 as compensation for services alleged to have been rendered in procuring a purchaser for certain timber belonging to the defendant. After settlement of the pleadings the jury was waived, and the case submitted on the merits to Hon. Charlton R. Beattie, District Judge. Judge Beattie died before deciding the case, and by agreement it was then submitted to his successor, Hon. Louis H. Burns, District Judge, on the record as made up before Judge Beattie. After due consideration, Judge Burns entered judgment in favor of defendant in error and dismissed the suit.

In submitting the case, neither side moved for judgment, nor was there any request for special findings of fact. No findings of fact were made by the District Court, although a brief opinion of Judge Burns appears in the record, which, of course, cannot take the place of special findings of fact. The judgment entered is in the nature of a general verdict.

[1] There are 18 assignments of error. Eleven of them may be considered as attacking the judgment as contrary to the law and the evidence, for various reasons. As there was no motion for judgment, and there are no special findings of fact, the judgment rendered is conclusive on the parties, and we are not at liberty to examine the record, to determine whether the result was justified by the facts shown. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478.

[2] The other 7 assignments run to the admission or exclusion of answers to certain interrogatories filed in evidence. These assignments are wholly unsupported by bills of exceptions. It appears from the record that 7 bills of exception on which these assignments might have been based were presented to Judge Burns, and he declined to settle and sign them on the ground that they were presented too late. The eighth bill of exceptions is simply a narrative of the course of the case; that is, that it was first heard before Judge Beattie and later before Judge Burns. This bill of exceptions recites that the stenographic report of the evidence made by a stenographer, Sherrer, and the documentary evidence on file in the office of the clerk of the

court, is the evidence upon which the court rendered judgment.

While this evidence appears in the record, it is objected to by defendant in error as not being complete because of the omission of certain correspondence between the parties, and the bill of exceptions does not make the evidence in the record part of the bill. In fact, it appears that, although Judge Burns signed this bill, he declined to certify that the evidence presented was all of the evidence adduced, or that it was a true and correct statement of the evidence upon which the case was heard. This, of course, disposes of the errors assigned.

However, with a desire to do justice, should there be any error apparent, we have examined the record, and have reached the conclusion that the objections to the admission and exclusion of testimony are without merit, and that on the whole case the District Court decided rightly.

Affirmed.